IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30306
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAD ELZIE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CR-150)
_____
November 16, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brad Elzie was convicted by jury of attempt to possess with
intent to distribute five kilograms of cocaine. Before trial,
Elzie moved for discovery of other similar acts or convictions that
the government planned to introduce at trial under Federal Rule of

_____

[*]Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

Evidence 404(b)[1] and argued that, even if admissible, the danger of unfair prejudice required exclusion under Rule 403. The government responded with its notice of intent to introduce evidence relating to Elzie's conviction on June 15, 1993, for possession of cocaine and marijuana for the purpose of proving Elzie's intent to distribute in the present offense. The government outlined the testimony it intended to introduce to prove the previous conviction. Elzie did not object to any alleged insufficiency in the government's notice.

The district court ruled that the government, having given proper notice, was entitled to offer the Rule 404(b) evidence because Elzie disputed that he held the requisite intent to commit the crime charged and the probative value of the evidence was not substantially outweighed by any prejudicial effect.

At trial, Elzie made a general objection to the introduction of the Rule 404(b) evidence. The district court read its previous ruling into the record and overruled the general objection. The government introduced documentary evidence of Elzie's previous arrest through one of the arresting officers, Lester Marshal, and elicited testimony relating to the events leading to the arrest. Elzie did not object to the scope or content of the testimony. The

---

[1]"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b).

district court gave the jury a limiting instruction after the evidence was introduced and in the general charge directing the jury to consider the evidence of Elzie's prior acts only for the limited purpose of proving state of mind, intent, motive, opportunity, or a plan.

After conviction and sentencing, Elzie timely appealed his conviction.

I

## NOTICE OF RULE 404(b) EVIDENCE

Elzie argues that the government's notice to introduce evidence of Elzie's previous conviction for possession of cocaine did not provide adequate notice that it intended to elicit testimony from Marshal relating to the specific events leading to the arrest. Elzie contends that the testimony of Lester Marshal, one of the arresting officers, implied that Elzie distributed cocaine at the time of his arrest and on other occasions. Elzie contends that because the notice related only to introduction of evidence of a previous conviction for possession of cocaine, it was insufficient to provide notice of introduction of evidence of previous distribution of cocaine. Elzie contends that he was surprised at trial and did not have adequate time to prepare rebuttal. As such, Elzie argues that the district court erred in admitting the evidence.

To preserve error for review regarding the admission of evidence, a party must state a specific ground of objection, unless

the specific ground is apparent from the context of the record. Fed. R. Evid. 103(a)(1). At trial, Elzie raised a general objection to the government's introduction of evidence of his previous conviction, without stating the specific grounds for his objection. Based on Elzie's objection in his motion for discovery and the context of the court's ruling, the objection appears to have been premised on Elzie's argument that the Rule 404(b) evidence was too prejudicial under Rule 403 to allow admission. Further, Elzie failed to object during Marshal's testimony regarding inadequate notice of the scope of the testimony. Therefore, Elzie failed to object to the admission of the Rule 404(b) evidence based on insufficient notice. See Rule 103(a)(1).

Under Fed. R. Crim. P. 52(b), we may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), cert. denied, 115 S.Ct. 1266 (1995) (citing United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 113 S.Ct. at 1778.

Elzie's argument fails at the first step of the Olano analysis because he has failed to show clear or obvious error affecting his

substantial rights. Rule 404(b) requires notice of "the general nature" of any anticipated evidence. See Fed. R. Evid. 404(b). The notice provided by the government satisfied such requirement by specifying the prior conviction it intended to introduce and alerting Elzie to the fact that "testimony about defendant's prior acts will come from a New Orleans police officer who investigated the defendant for violating Louisiana drug laws." The government's notice established that its purpose in introducing the previous conviction of possession of cocaine was to "show [Elzie's] numerous contacts in the drug world gained by past experience in drug dealing and a readiness to deal in a variety of controlled substances, for example, marijuana and cocaine."

The district court did not commit plain error in admitting the government's Rule 404(b) evidence in relation to the notice issue.

## II

## PREJUDICE

In the alternative, Elzie argues that the district court should not have admitted Marshal's testimony under Federal Rule of Evidence 403 because the testimony's prejudicial effect substantially outweighed any probative value.

Elzie contends that during the events leading to his previous arrest, Marshal was not in a position to witness whether Elzie bought or sold cocaine and, thus, his testimony was unreliable in relation to the issue whether Elzie previously distributed drugs. However, Elzie's argument is irrelevant in relation to the purpose

for which the testimony was offered: to establish that his previous possession was probative of his disputed intent to distribute in the charged offense.[2] See, e.g., Ponce, 8 F.3d at 994; Gadison, 8 F.3d at 192; Willis, 6 F.3d at 262. As an arresting officer, Marshal was in a position to testify to Elzie's previous arrest and conviction for possession of cocaine and marijuana.

The district court did not abuse its discretion in admitting the Rule 404(b) evidence.

## III

### LIMITATION OF CROSS-EXAMINATION

Elzie argues that the district court erred by limiting his cross-examination of Marshal, denying him due process and his right to confront witnesses. Elzie contends that such limitation misled the jury because it never learned that Elzie was previously charged with only possession of cocaine and marijuana, not distribution. Elzie contends that the district court also improperly limited his cross-examination relating to Marshal's bias and interest.

Elzie's argument is without merit. During cross-examination, Elzie elicited from Marshal testimony that Elzie was previously charged and convicted only of possession, not distribution, and the district court limited further cross-examination on this subject only on the basis of repetitive and argumentative questioning. The

---

[2]At trial, Elzie disputed whether he possessed the requisite intent to commit the charged offense by claiming he was tricked into committing the offense and did not know he was carrying money to purchase drugs.

district court denied Elzie's cross-examination of Marshal relating to Marshal's previous partner's drug conviction for the purpose of showing Marshal's bias and lack of credibility.

The district court restricted Elzie's cross-examination of Marshal based on the nature of the previous conviction because the questions had already been asked and answered. Thus, Elzie's cross-examination was not limited in any manner. The district court restricted cross-examination relating to Marshal's partner's conviction because it was irrelevant to his own credibility. A reasonable jury would not have received a significantly different impression of Marshal's credibility had Elzie pursued his proposed line of cross-examination. See United States v. Baresh, 790 F.2d 392, 400-01 (5th Cir. 1986).

The district court's restriction of Elzie's cross-examination was not an abuse of discretion.

A F F I R M E D.